**UNITED STATES DISTRICT COURT**
District of New Jersey

| | |
|---|---|
| CHAMBERS OF<br>**JOSE L. LINARES**<br>JUDGE | MARTIN LUTHER KING JR.<br>FEDERAL BUILDING & U.S. COURTHOUSE<br>50 WALNUT ST., ROOM 5054<br>P.O. Box 999<br>Newark, NJ 07101-0999<br>973-645-6042 |

**NOT FOR PUBLICATION**

**LETTER OPINION**

June 14, 2007

Robert Earl Myers, Esq.
Coffey, Kaye, Myers & Olley, Esqs.
Two Bala Plaza, Suite 718
Bala Cynwyd, PA 19004-1514

Lawrence A. Katz, Esq.
Coffey, Kaye, Myers & Olley, Esqs.
Two Bala Plaza, Suite 718
Bala Cynwyd, PA 19004-1514

Anthony R. Mautone, Esq.
Mautone & Horan, P.A.
500 Prospect Avenue
West Orange, NJ 07052-4101

      Re:    **Gendron v. New Jersey Transit Rail Operations, Inc.**
                  Civil Action No.: 03-3320 (JLL)

Dear Counsel:

      This matter comes before the Court on the objection of Defendant New Jersey Transit Rail Operations, Inc. (hereinafter "N.J. Transit" or "Defendant") to the May 11, 2007 Report and Recommendation of Magistrate Judge Claire C. Cecchi regarding Plaintiff Louis P. Gendron's motion to transfer venue or, in the alternative, to disqualify defense counsel [CM/ECF Docket Entry No. 26] and Defendant's motion for sanctions [CM/ECF Docket Entry No. 38]. By way of her May 11 Report and Recommendation, Magistrate Judge Cecchi recommended that this Court enter an Order denying Plaintiff's motion to transfer venue or, in the alternative, to disqualify defense counsel, and denying Defendant's motion for sanctions. (May 11 R&R at 1). Defendant has filed an objection to the portion of the May 11 Report and Recommendation denying its request for sanctions. Plaintiff has filed no objection to same. For the reasons set forth below, the Court will adopt Magistrate Judge Cecchi's May 11 Report and Recommendation in its entirety.

1

## BACKGROUND

As a preliminary matter, the Court notes that neither party objected to Magistrate Judge Cecchi's recommendation that Plaintiff's motion to transfer venue or, in the alternative, to disqualify defense counsel, be denied.[1]  This Court has reviewed the parties' positions, and is satisfied that there is no clear error on the face of the record to warrant denial of Magistrate Judge Cecchi's recommendation regarding same.  As a result, the Court hereby accepts Magistrate Judge Cecchi's recommendation that Plaintiff's motion be denied in its entirety.[2]

Although the Court, therefore, need not address Plaintiff's motion to transfer venue or, in the alternative, to disqualify Anthony R. Mautone as defense counsel, having accepted the portion of Magistrate Judge Cecchi's Report and Recommendation regarding same, the Court will nevertheless provide a brief summary of said motion, as it relates to the series of events leading up to Defendant's filing of the instant motion for sanctions.

Defense counsel, Anthony R. Mautone, is a part-time magistrate judge in this district, pursuant to 28 U.S.C. § 632(b).[3]  On February 2, 2007, Plaintiff moved to transfer the instant action to another federal district or, in the alternative, to disqualify defense counsel Anthony R. Mautone from representing N.J. Transit in this case.  Plaintiff essentially challenged the constitutionality of 28 U.S.C. § 632(b), which allows part-time United States magistrate judges to simultaneously engage in the practice of law.  In particular, Plaintiff argued the following:

> The scrupulous adherence to the principles of avoiding even the
> appearance of judicial impropriety, to promote public confidence in
> the judiciary, is inconsistent with requiring a party to be opposed

---

[1] Local Civil Rule 72.1(c)(2) provides that "[a] Judge shall make a <u>de novo</u> determination of those portions to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge."

[2] Accordingly, the Court also denies Plaintiff's request that Court (1) direct court staff to refrain from referring to Mr. Mautone in any way which reflects his "judicial function," and (2) advise court staff that Mr. Mautone should not be afforded any special privileges or enjoy any special "perks" associated with his judicial office during the pendency of the trial in this matter.

[3] 28 U.S.C. § 632(b) provides that "[p]art-time United States magistrate judges shall render such service as judicial officers as is required by law. While so serving they may engage in the practice of law, but may not serve as counsel in any criminal action in any court of the United States, nor act in any capacity that is, under such regulations as the conference may establish, inconsistent with the proper discharge of their office. Within such restrictions, they may engage in any other business, occupation, or employment which is not inconsistent with the expeditious, proper, and impartial performance of their duties as judicial officers."

> by an attorney who is a Magistrate Judge, who is in the "inner circle" of the federal judges who will try his case, and who is privy to the hallways, dining facilities, parking area and other secret nooks and crannies of the federal courthouse that are off limit to every litigant and their counsel.

(Pl. Br. at 2). Plaintiff conceded, however, that defense counsel Anthony R. Mautone "is neither acting improperly or illegally because he is acting in accordance with federal statute." (Pl. Mot., ¶ 8). In opposition, Defendant pointed out that Plaintiff offered no legal authority, whatsoever, in support of the argument that 28 U.S.C. 632(b) is unconstitutional, or that Mr. Mautone's representation of N.J. Transit in the instant matter is or "appears" otherwise improper. (Def. Opp'n Br. at 3). Moreover, Defendant explained that Plaintiff's counsel has unsuccessfully asserted this very argument, in this particular district, on three prior occasions. (Def. Opp'n Br. at 4-5).

As a result, Defendant moved to impose sanctions on Plaintiff on the basis that the "arguments raised by counsel for plaintiff in seeking to disqualify Anthony R. Mautone and/or change the jurisdiction are not warranted by existing law or by a non-frivolous argument. In fact, these arguments raised in both Dembowski[4] and Carroll[5] were found by Judge Hedges and Judge Bissell, respectively, to be 'without merit.'" (Cert. in Support of Motion for Sanctions, ¶ 7). Plaintiff never opposed Defendant's motion for sanctions.

## LEGAL STANDARD

When the magistrate judge addresses motions that are considered "dispositive," such as to grant or deny a motion to dismiss, a magistrate judge will submit a Report and Recommendation to the district court. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2). The district court may then "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [magistrate judge]. The judge may also receive further evidence or recommit the matter to the magistrate [magistrate judge] with instructions." 28 U.S.C. § 636(b)(1)(C); see also L. Civ. R. 72.1(c)(2). Unlike an Opinion and Order issued by a magistrate judge, a Report and Recommendation does not have force of law unless and until the district court enters an order accepting or rejecting it. See, e.g., United Steelworkers of Am. v. N. J. Zinc Co., Inc., 828 F.2d 1001, 1005 (3d Cir. 1987).

With respect to dispositive motions, the district court must make a de novo determination of those portions of the magistrate judge's Report to which a litigant has filed an objection. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); L. Civ. R. 72.1(c)(2); see also State Farm Indem.

---

[4] Dembowski v. New Jersey Transit Rail Operations, Inc., Civil Action No. 99-56; 221 F. Supp. 2d 504 (D.N.J. 2002).

[5] Carroll v. New Jersey Transit Rail Operations, Inc., Civil Action No. 97-4130.

v. Fornaro, 227 F. Supp. 2d 229, 231 (D.N.J. 2002); Zinberg v. Washington Bancorp, Inc., 138 F.R.D. 397, 401 (D.N.J. 1990) (concluding that the court makes a de novo review of the parts of the report to which the parties object).

Here, Defendant objects to the portion of Magistrate Judge Cecchi's May 11 Report and Recommendation denying its motion for sanctions.[6] It is unclear whether motions for sanctions are considered dispositive or non-dispositive. See, e.g., In re Prudential Ins. Co. of Am. Sales Practices Litig., 63 F.Supp.2d 516, 519 (D.N.J. 1999) (stating that "[t]he circuits are divided as to whether the imposition of sanctions is considered a dispositive motion."). Because Magistrate Judge Cecchi did not impose sanctions, but rather recommended the imposition of same, and neither party has contested the manner in which Defendant's motion was handled, nor the applicable standard of review,[7] the Court will make a de novo determination of whether, given the circumstances presented herein, an imposition of sanctions is warranted.[8]

## DISCUSSION

Federal Rule of Civil Procedure 11(c) provides that a court may impose sanctions upon an attorney or party for filing documents for an improper purpose, making frivolous arguments, and making allegations that lack evidentiary support. See Fed.R.Civ.P. 11(b)-(c). In deciding whether to impose sanctions, courts looks objectively to whether the imposition of sanctions

---

[6] The Court is also in receipt of, and has considered, Plaintiff's one-page response to Defendant's objection. See CM/ECF Docket Entry No. 42.

[7] Compare Miller v. Beneficial Mgmt. Corp., 844 F. Supp. 990, 1007 (D.N.J. 1993) (treating motion for sanctions as non-dispositive and reviewing magistrate decision to determine whether it was clearly erroneous or contrary to law), and Medphone Corp. v. Denigris, No. 92-3785, 1993 WL 13147999, *4 (D.N.J. July 28, 1993) (same), with In re Prudential Ins. Co. of Am. Sales Practices Litig., 63 F. Supp. 2d at 519 (treating motion as dispositive and applying a de novo standard of review in reviewing the magistrate judge's recommendation regarding imposition of sanctions). See generally Toth v. Alice Pearl, Inc., 158 F.R.D. 47, 51 (D.N.J. 1994) (treating motion for sanctions as non-dispositive only after plaintiff had already dismissed his claim against defendant, and explaining that "since the underlying legal claims had been resolved, Magistrate Judge Kugler's imposition of sanctions involved a nondispositive motion.").

[8] See generally In re Prudential Ins. Co. of Am. Sales Practices Litig., 63 F.Supp.2d at 519 (applying a de novo standard of review in reviewing the magistrate judge's recommendation regarding imposition of sanctions, and reasoning that the magistrate judge did not levy sanctions but merely filed a report recommending their imposition, and that all parties apparently "acquiesced to this option.").

would be "reasonable under the circumstances. Bad faith is not required." See, e.g., Martin v. Brown, 63 F.3d 1252, 1264 (3d Cir.1995) (internal citations omitted); Balthazar v. Atlantic City Med. Ctr., 279 F. Supp. 2d 574, 593 (D.N.J. 2003).  Moreover, the Third Circuit has indicated that "[g]enerally, sanctions are prescribed 'only in the 'exceptional circumstance' where a claim or motion is patently unmeritorious or frivolous.'" Ford Motor Co. v. Summit Motor Prods., Inc., 930 F.2d 277, 289 (3d Cir. 1991) (citing Doering v. Union County Bd. of Chosen Freeholders, 857 F.2d 191, 194 (3d Cir.1988)).

      Although the Court reviews the matter de novo, the Court notes that Magistrate Judge Cecchi made the following findings: (1) Plaintiff's counsel's arguments regarding its request to transfer venue or to disqualify Anthony R. Mautone as defense counsel have been rejected by courts in this district on two[9] prior occasions, (2) Plaintiff's counsel failed to cite to any new or previously existing legal authority in support of same, (3) Plaintiff's counsel was afforded the opportunity to withdraw his most recent motion, but declined to do so,[10] and (4) Plaintiff's counsel chose not to oppose Defendant's motion for sanctions.  Nevertheless, Magistrate Judge Cecchi declined to recommend an imposition of monetary sanctions on the basis that the foregoing conduct fell "just short" of the "exceptional circumstances" threshold. (May 11 R&R at 12).  The Court agrees with Magistrate Judge Cecchi's findings, and, for the reasons that follow, adopts the portion of the May 11 Report and Recommendation denying Defendant's motion for sanctions.[11]

---

[9] Defendant's counsel represents that this is actually the fourth attempt made by Plaintiff's counsel to change venue or to disqualify Anthony R. Mautone as defense counsel. (Def. Objection to May 11 R&R at 2).  In particular, Defendant points out that Plaintiff's counsel had moved to change venue or to disqualify Anthony R. Mautone as defense counsel twice in the Carroll matter – first by way of motion, then by way of motion for reconsideration. (Id.).  The Court need not and will not reach the issue of whether the instant motion was Plaintiff's third or fourth attempt at reasserting this argument.  Suffice it to say that Plaintiff has raised this very argument in two previous cases in this district, and in both cases, such an argument was found to be meritless.

[10] Rule 11(c)(1)(A) provides a safe-harbor provision whereby motions for sanctions "shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected."

[11] To the extent that the Court should treat Magistrate Judge Cecchi's recommendation regarding the imposition of sanctions as non-dispositive, the Court finds that Magistrate Judge Cecchi did not abuse her discretion in finding that Plaintiff's conduct fell "just short" of the "exceptional circumstances" threshold. (May 11 R&R at 12).  Moreover, the Court determines that her findings and conclusions were neither clearly erroneous, nor contrary to law. See L. Civ. R. 72.1(c)(1)(A) (explaining that, in considering appeals from non-dispositive orders, "[a] Judge

Plaintiff's counsel has filed essentially the same motion, on the same basis, in the same district on at least three occasions. Two courts within this district have previously rejected the specific basis of Defendant's motion to transfer venue or to disqualify Anthony R. Mautone as defense counsel. Nevertheless, Plaintiff's counsel chose to raise the argument once again, against the same Defendant, without providing any legal or factual justification for re-asserting such an argument.

The basis of Plaintiff's motion has been clearly rejected by two other courts within this district. However, to this Court's knowledge, those decisions were not appealed by the Plaintiff. Therefore, since the Third Circuit Court of Appeals has not dealt with the constitutionality of 28 U.S.C. 632(b), it cannot be said that Judge Cecchi erred in finding that Plaintiff's motion was not "utterly without merit."[12] Ford Motor Co., 930 F.2d at 289 (finding that the district court did not abuse its discretion in denying Rule 11 sanctions "since there was a reasonable, albeit tenuous, factual basis for the RICO counterclaim).[13]

Plaintiff could have, but chose not to, avail himself of the more appropriate remedy for challenging the decisions of Judge Bissell and Magistrate Judge Hedges, the appellate process. Also, even within the course of this particular litigation, it has not gone unnoticed by this Court that: (1) Plaintiff chose not to oppose Defendant's motion for sanctions, (2) Plaintiff chose not to object to Magistrate Judge Cecchi's recommendation that Plaintiff's motion to transfer be denied,[14] and (3) Plaintiff submitted a mere eight-line response to Defendant's objection to Magistrate Judge Cecchi's recommendation that sanctions be denied, which contained no legal argument, but merely an explanation that it "clearly understand[s] the explicit and implicit ramifications of the Report and Recommendation." (Pl. Response to Def. Objection to May 11 R&R). This Court is deeply troubled by the approach taken by Plaintiff's counsel in this regard. This approach – of re-attempting the same legal argument before various courts within this district, rather than appealing its validity to the Third Circuit – has resulted in a waste of judicial

---

shall consider the appeal and/or cross-appeal and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law.").

[12] See May 11 R&R at 11 ("The reasonableness of Plaintiff's motion to transfer or disqualify is questionable at best . . .").

[13] See generally Bensalem Tp. v. Int'l Surplus Lines Ins. Co., 38 F.3d 1303, 1314 (3d Cir. 1994) (finding that the district court abused its discretion in imposing sanctions on the basis that the underlying motion was "duplicative," and that the moving party had "failed to conduct a reasonable inquiry prior to filing" same).

[14] As a result, the Court can only assume that Plaintiff has no objection to Magistrate Judge Cecchi's findings that (1) Plaintiff's constitutional challenge to 28 U.S.C. 632(b) is unfounded, and (2) "there are no grounds for granting any of the relief requested by Plaintiff." (May 11 R&R at 9).

resources, and added legal expenses for Defendant, in defending such repetitive motions.  This is particularly egregious given that defense counsel represents a public entity in this matter.  Notwithstanding the Court's displeasure, the Court declines to impose sanctions at this time.  This is not to say, however, that should the Plaintiff continue in this course of conduct, sanctions may not, in fact, become appropriate given, as previously stated, that the Defendant is a public entity and that four separate judicial officers in this district have now ruled on this matter.

## **CONCLUSION**

For the foregoing reasons, the Court adopts Magistrate Judge Cecchi's May 11, 2007 Report and Recommendation denying Plaintiff's motion to transfer venue or, in the alternative, to disqualify Anthony R. Mautone as defense counsel, and denying Defendant's motion for sanctions.

An appropriate Order accompanies this Letter Opinion.

Sincerely,

/s/ Jose L. Linares
Jose L. Linares
United States District Judge